US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 14 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANCISCO PINTO, a/k/a
Frank Pinto                                                               PLAINTIFF

v.                    Civil Action No. 17-5178 TLB

UNITED STATES DEPARTMENT OF JUSTICE;
AND BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES,                                                          DEFENDANTS

## COMPLAINT

COMES NOW Francisco Pinto, a/k/a Frank Pinto by and through his attorney, William R. Mayo, ABA# 80092 and for his Complaint and cause of action herein against the Defendants, U.S. Department of Justice and Bureau of Alcohol, Tobacco, Firearms and Explosives states as follows:

### PARTIES

1. Plaintiff is an individual and citizen of the State of Arkansas residing in Benton County, Arkansas.

2. Defendants, U.S. Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives are federal government agencies duly promulgated under the laws of the United States.

### JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to Title 28, United States Code Section 2201 for the purpose of determining a question of actual controversy between the parties as hereinafter more fully stated.

4. Jurisdiction of this action is based on 18 United States Code Section 921 (a) (33) (B)(ii), 18 U.S.C. Section 922 (g) (9), and 28 U.S.C. Section 1331.

5. The issue herein is that of the legal determination by the Defendants that the Plaintiff is not eligible for acquisition of a permit to purchase firearms and related licensure with respect to the purchase and ownership of firearms.

6. Venue properly is vested with this Court in that the Plaintiff is a citizen of the State of Arkansas and resides within this federal judicial district.

## FACTS COMMON TO THE PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT
## 28 U.S. C. Section 2201

7. On or about June 9, 1991 the Plaintiff was arrested and charged with violation of California Penal Code Section 273.5, Corporal Injury to Spouse upon the allegations that he had corporal injury to his then and current wife, Leigh Ann Pinto, the charge designated as Count 1, a misdemeanor.

8. The above referenced charge was brought against the Plaintiff in the San Bernardino County Municipal Court in the case styled as <u>State of California v. Frank Pinto</u>, Case No. MSB-62642.

9. As the case proceeded, Plaintiff received two additional charges designated as Counts 2 and 3 for violation of California Penal Code Section 1320 (a), Failure to Appear, also misdemeanors.

10. On February 18, 1992, the Plaintiff entered a plea of nolo contendere pursuant to a plea bargain agreement to the allegation that he had violated California Penal Code Section 1320 (a), Count 2, (Failure to Appear),a misdemeanor offense on July 15, 1991 in the San Bernardino County Municipal Court in <u>State of California v. Frank Pinto</u>, Case No. MSB-62642 with Count 1 (Corporal Injury to a Spouse) and Count 3 (Failure to Appear) dismissed.  A copy of the plea agreement as approved by the Court is attached hereto and incorporated herein by reference as Exhibit 1.

11. Pursuant to the terms of the plea agreement the case, a diversion was granted with conditions with regard to his plea to Count 2 (Failure to Appear) which was dismissed on August 19, 1992 upon the Plaintiff's successful completion of the terms of the diversion granted under California Penal Code Section 1370 resulting in no conviction.

12. Subsequently, the Plaintiff desiring to have his record of arrest in this case sealed and expunged, retained an attorney to assist who on October 3, 2008 filed on his behalf a Petition in the California Superior Court of San Bernardino County a Petition to Expunge the record of the proceedings referred to in the preceding paragraphs 9, 10 and 11 which on October 8, 2008 was granted pursuant to California Penal Code Section 1203.4. A copy of the Petition and Order are attached hereto and incorporated herein by reference as Exhibit 2.

13. The Plaintiff sought the expungement of the prior record although the underlying case had been dismissed to remove the history of the case from his personal records.

14. The Plaintiff, was owner and possessor of firearms leading up to the aforementioned legal proceedings made application to purchase a firearm and was denied.

15. Plaintiff then made an inquiry believed to have been in early 2009 to the Defendant, U.S. Department of Justice via the Federal Bureau of Investigation regarding his denial to purchase a firearm who responded that the expungement sought and obtained by the Plaintiff to the above referenced proceedings pursuant to California Penal Code Section 1203.4 is a requalifying factor under Federal law to restoring Plaintiff's gun rights.

16. The Defendants' interpretation pertaining to the expungement of the record referenced above disqualifying him from firearm possession for purposes of 18 United States Code Section 922 (g) (9) fails to recognize that the criminal charge related to domestic abuse (i.e. Corporal Injury to a Spouse) according to the terms of the plea agreement referred to above was dismissed long prior to his Petition seeking the expungement of his record.

17. Plaintiff is a millwright by trade and engages in and has engaged in the manufacturing of fabricated metal accessories to the firearm sports consisting of

metal targets that he is unable to demonstrate their use thereby limiting the expansion of his business.

18. Plaintiff had an employment opportunity with a gun manufacturing firm to apply his millwright skills and experience with relation to the manufacturing of firearms that would require that he have no legal disability with respect to the handling and manufacturing of firearms.

19. Plaintiff sought employment with a firearm manufacturing firm (XBONES RISING, LLC of Gravette Arkansas) on May 8, 2017 that as a condition of his employment would require that he handle firearms in their construction and handling, and the Plaintiff was denied employment as a result of the Defendants' restriction imposed on him due to Defendants' interpretation of his prior court proceedings as it applies to 18 United States Code Section 921 (a) (33) (B)(ii) and 18 U.S.C. Section 922 (g) (9).

20. On August 8, 2017 the Plaintiff made application for the purchase of a firearm from a gun dealer and submitted his application on form OMB No. 1140-0020 supplied by the Defendants, U.S. Department of Justice and Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) indicating correctly therein that he had not been convicted of a misdemeanor crime of domestic violence. A copy of the application is attached hereto, marked Exhibit 3 and incorporated herein by reference.

21. The foregoing referenced application was denied as indicated within Exhibit 3.

22. Any further attempt by Plaintiff to administratively obtain relief from the Defendants' erroneous application of their interpretation of 18 United States Code Section 922 (g) (9) and 18 United States Code Section 921 (a) (33) (B)(ii) as it would apply to the Plaintiff would be fruitless in light of the Defendant ATF's public posting on its website atf.gov that states as follows:

4

> "Although Federal law provides a means for relief of firearms disabilities, since October 1992, ATF's annual appropriation has prohibited the expending of any funds to investigate or act upon application for relief from Federal firearms disabilities submitted by individuals. As long as this provision is included in current ATF appropriations, the Bureau cannot act upon applications for relief from Federal firearms disabilities submitted by individuals."

23. Plaintiff seeks to obtain and possess and use firearms pursuant to his Second Amendment Right under the U.S. Constitution and for his employment and he would risk imminent prosecution under 18 United States Code Section 922 (g)(9).

24. The Plaintiff has suffered an injury in fact in his denial of employment and his application to purchase a firearm in derogation of his Second Amendment Right under the U.S. Constitution due to the disability artificially imposed upon him by the Defendants in light of their interpretation and application of federal law.

25. There is a direct causal connection between the denial of the Plaintiff's employment and denial of his application to purchase a firearm as his right under the Second Amendment to the U.S. Constitution is the direct result of the Defendants' interpretation and application of federal law.

26. The denial of the Plaintiff's employment and his application to purchase a firearm as his right under the Second Amendment to the U.S. Constitution is directly traceable to the Defendants' interpretation and application of federal law.

27. Plaintiff's continued lawful pursuit of the right to purchase, possess and/or own a firearm places him at risk for criminal prosecution, and although he had not received at this writing a direct threat of prosecution, the threat is latent in the existence of the statutes providing for it based upon the Defendants' interpretation of the statutes as they believe apply to him.

28. There is an actual controversy between the parties regarding the interpretation of United States Code Section 921 (a) (33) (b) (ii) as it related to the facts of the dismissal of the domestic violence charge against the Plaintiff as set forth in paragraphs 9, 10 and 1 and to his right to purchase, possess and handle firearms.

5

WHEREFORE, Plaintiff prays that this Court enter a judgment declaring that Plaintiff's firearm restriction pursuant to 18 United States Code Section 921 as interpreted and applied by the Defendants be removed; and for such other and further relief for which he may prove himself entitled.

Respectfully submitted,

FRANCISCO PINTO, a/k/a Frank Pinto
PLAINTIF

BY: /s/ William R. Mayo
WILLIAM R. MAYO, ABA# 80092
Attorney for Plaintiff
609 S.W. 8th St., Ste 600
Bentonville, Arkansas 72712
479.802.0220/Fax 479.286.1101
wmayo@MayoLawOffices.com

### VERIFICATION

I, FRANCISCO PINTO, a/k/a Frank Pinto, verify that I have read the foregoing and the statements contained therein are true and correct to the best of my knowledge this 12th day of September, 2017.

/s/ Francisco Pinto, a/k/a Frank Pinto*
Francisco Pinto, a/k/a Frank Pinto, Plaintiff

*I certify that I have the signed original of this document, which is available for inspection at any time by the Court or a party to this action.

/s/ William R. Mayo*
William R. Mayo, Plaintiff's Counsel

6